IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 108-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ALICIA HUNTSINGER. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on May 20, 2016. It appearing to the Court at the call of this matter on for hearing the Defendant was present with her attorney, James Mills and the Government was present and represented through AUSA Tom Ascik. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On December 1, 2015 a bill of indictment (#1) was issued charging the Defendant with possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On December 4, 2015, the undersigned conducted an initial appearance hearing and at that time released Defendant on terms and conditions of pretrial release. On May 20, 2016, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal

Procedure and accepted a plea of guilty of the Defendant to the charge contained in the bill of indictment. At the close of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty to possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of AUSA Tom Ascik as to whether or not there will be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Ascik advised the Court that such a recommendation could not be made in this matter. The

undersigned cannot find there is a likelihood that a motion for acquittal or new trial will be granted due to the fact the Defendant has now entered a plea of guilty.

It would appear, and the Court is of the opinion that the Court is required by law to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which mandate the detention of Defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release (#5) and (#6) are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing in this matter.

Signed: June 13, 2016

Dennis L. Howell
United States Magistrate Judge